**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0838-18T1

SAHDIEKHA JOHNSON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 21, 2019 – Decided February 6, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the New Jersey Department of Corrections.

Sahdiekha Johnson, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Sahdiekha Johnson, an inmate, challenges a July 17, 2018 final decision by the Department of Corrections (Department) holding that he was guilty of prohibited acts, *.803/*.012, attempting to or actually "throwing bodily fluid at any person or otherwise," and *.002, "assaulting any person." N.J.A.C. 10A:4-4.1(a). On appeal, Johnson contends that the Department's finding "was not based [upon] substantial evidence." We disagree and affirm.

The facts derived from the record are summarized as follows. On July 9, 2018, after refusing to comply with correction officers' request that he vacate a housing unit at New Jersey State Prison, Johnson was restrained and taken to a holding cell where he underwent a psychological evaluation. There, Johnson became agitated and began to spit on the floor and bang his head against the wall. As Johnson became more combative, officers were called, and they restrained Johnson again. Once they tried to take him to the medical clinic for further evaluation, Johnson attempted to spit on one of the officers and also kicked at them.

Based on these events, Johnson was charged with the subject charges, which were served on him on July 12, 2018. Johnson was granted the services of counsel substitute, and he pled not guilty to the charges. Johnson was given an opportunity to see the evidence against him that consisted of reports from the

individuals involved in the matter, and in response, Johnson denied the charges, asserting that he could not have committed the offense because he was shackled, and that he never spat at anyone. He was also given the opportunity to present witnesses or cross-examine the witnesses whose statements were in evidence, but Johnson declined both opportunities. Additionally, prior to his hearing, the hearing officer had Johnson evaluated to ensure that Johnson was responsible for his behavior, as described in the evidence being considered at the hearing.

After considering the evidence, the hearing officer found Johnson guilty of the charges made against him. The hearing officer imposed aggregate sanctions of time served in detention, 300 days of demonstrative segregation, a 180-day loss of commutation time, 15 days' loss of recreation privileges, and referred Johnson for mental health services. Johnson thereafter filed an administrative appeal that affirmed the hearing officer's determination and denied Johnson's request for leniency. This appeal followed.

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not disturb the administrative agency's determination unless it is "arbitrary, capricious, or unreasonable." Ibid.

A-0838-18T1

N.J.A.C. 10A:4-9.15(a) requires that "a disciplinary hearing officer's adjudication that an inmate committed a prohibited act . . . be based on substantial evidence in the record." Id. at 191. "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

We conclude from our review of the record that Johnson's argument on appeal is without sufficient merit to warrant discussion in a written opinion as we are satisfied that the Department's final decision was supported by substantial evidence in the record. R. 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0838-18T1